COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

IN THE INTEREST OF M.H.,     §

A CHILD.     §

§

§

§

No. 08-15-00091-CV

Appeal from

65th District Court

of El Paso County, Texas

(TC # 2014DCM1307)

## <u>MEMORANDUM OPINION</u>

A.B. is attempting to appeal an interlocutory order terminating his parental rights and he has filed a motion asking the Court to abate the appeal until the trial court has entered a final judgment. Finding that the termination order is interlocutory, we dismiss the appeal for lack of jurisdiction.

It is well settled that appellate courts have jurisdiction over final judgments and interlocutory orders made appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West 2015)(authorizing appeals from certain interlocutory orders). A final judgment is one that disposes of all pending parties and claims. *See Lehmann*, 39 S.W.3d at 195.

The Texas Department of Family and Protective Services filed a petition seeking to terminate the parental rights of both A.B., the child's father, and G.H., the child's mother. The

trial court entered an order terminating A.B.'s parental rights but the court has not yet made a determination as to G.H.'s parental rights. In other words, a judgment has not been entered disposing of all pending parties and claims. A.B. represents in his motion that a final hearing is scheduled for June 15, 2015, but there is no guarantee that the hearing will occur on that date and the trial court must be given a reasonable period of time in which to rule on the issues before it. Appellate courts are required to dispose of an appeal from a judgment terminating parental rights within 180 days after the notice of appeal is filed. *See* TEX.R.JUD.ADMIN. 6.2(a). The entry of an abatement order does not toll that deadline. Rather than abating this appeal until such time that the termination order becomes final, we have determined that the better course of action is to dismiss the appeal for lack of jurisdiction. A.B. will be able to exercise his right to appeal when the trial court enters a final judgment. Further, the Court will, upon motion filed by A.B., transfer the record filed in this case to the new appellate cause number. We therefore deny the motion to abate the appeal and dismiss the appeal for want of jurisdiction.

June 12, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.